IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN BELL,

    Petitioner,

v.    CASE NO. 18-3277-JWL

N.C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

### ORDER TO SHOW CAUSE

Petitioner filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth in Leavenworth, Kansas, proceeds *pro se*. Petitioner challenges the BOP's delay in placing him in a halfway house and alleges it was done without due process and in retaliation for filing grievances. Petitioner alleges that he was approved for 120 days in a halfway house, and now he will only receive 25 days.[1] Petitioner also alleges that the BOP is keeping him in the SHU without cause and refusing to place him back in the general population despite the expiration of his "segregation sentence" on October 25, 2018. Petitioner alleges that the BOP is considering placing him in C2 Block, but that block is designated for inmates under investigation for K2 use, which he alleges does not apply to him. Petitioner alleges that staff are taking his property and forms, and by failing to fix the printer they are preventing him from printing documents off the law library computer.

---

[1] Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), the Federal Bureau of Prisons ("BOP") is authorized to place prisoners in a residential reentry center, or halfway house, for up to twelve months before the end of the prisoner's term of imprisonment.

Petitioner seeks an injunction: to restore his halfway house date;[2] to stop any further attempt to deter him from seeking relief; to order the BOP to use disciplinary procedures for any further rule infractions; to immediately remove him from the SHU or C2 Unit or any other unwarranted disciplinary measures unless ordered by a Disciplinary Hearing Officer; to be placed in general population or a halfway house immediately; for prompt access to the law library two times per week; and to order staff to stop taking Petitioner's property. Petitioner has also filed a request (Doc. 4) asking the Court to amend his petition to add a request for an injunction to order SHU staff to stop placing him in a "hard cell" with no heat and as a form of punishment. Petitioner alleges that his placement in a "hard cell" violates the Eighth Amendment. Petitioner has also filed a motion (Doc. 3) to expedite resolution of his petition.

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See*

---

[2] The Court notes that courts have held that "[i]n the context of challenges to the length of a prisoner's placement in a RRC, the relief which may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in a RRC." *Lanni v. Hollingsworth*, 2012 WL 523744, at *4 (citations omitted). *See Kyles v. Chester*, No. 09-3266-RDR, 2011 WL 855801, at *3–4 (D. Kan. March 9, 2011) (noting that "[a]ll that federal inmates like petitioner are entitled to receive is consideration for RRC placement based on an application of the factors set forth in 18 U.S.C. § 3621(b)" and that the court is not authorized to grant petitioner relief in the form of twelve months of RRC placement); *see also Sparks v. Chester*, No. 11-3025-RDR, 2013 WL 1896998, at *1 (D. Kan. May 6, 2013) ("Where a prisoner challenges the period of time he may be allowed placement in an RRC, the appropriate relief is an order directing the BOP to undertake the individualized review required by law.") (citing *Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007)).

*McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

In *United States v. Garcia*, the appellants did not seek release from BOP custody, but rather both sought a court order directing the BOP to transfer them to detention facilities located closer to their families. *United States v. Garcia*, 470 F.3d 1001, 1002 (10th Cir. 2006). The Tenth Circuit held that where appellants were in lawful custody of the BOP and sought "a change in the place of confinement rather than a shortened period of custody[,]" their challenges must be brought in a *Bivens* action. *Id*. at 1003; *see also Palma-Salazar*, 677 F.3d at 1035 (noting that Palma-Salazar did not challenge the BOP's underlying authority to hold him in custody, but rather he challenged his placement within the federal prison system); *see also Bruscino v. True*, 708 F. App'x 930, 935 (10th Cir. 2017) (unpublished) (finding claim that transfer was in retaliation for role in class action lawsuit was not properly brought in a § 2241 habeas proceeding because it challenges the conditions of confinement rather than the duration of custody).

In the present case, Petitioner does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims retaliation and takes issue with the delay by the BOP in placing him in a halfway house. Petitioner's remaining claims regarding his placement within USPL, his access to the law library, his loss of property, and his Eighth Amendment claim, are likewise claims regarding his conditions of confinement. Accordingly, he must proceed, if at all, in a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Requena v. Roberts*, 552 F. App'x. 853, 856 (10th Cir. April 7, 2014) (unpublished) (remanding to district court to determine whether petitioner had adequately alleged civil rights claims).

The Court sees no practical reason to convert the instant § 2241 action to a *Bivens* action in light of Petitioner's four pending civil rights actions raising similar issues. *See* Case Nos. 18-3206-SAC, 18-3219-SAC, 18-3232-SAC and 18-3276-SAC. In *Bell v. English*, Case No. 18-3276-SAC, Petitioner raises the same issues regarding the alleged retaliatory delay in his halfway house date, his unwarranted SHU classification, and that staff are taking his property and forms. In that case, the Court has ordered an expedited response to Plaintiff's motion for an expedited preliminary injunction. *See id.* at Doc. 5. Therefore, the Court denies Petitioner's motion to expedite resolution of his petition in the current case and directs Petitioner to show good cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **November 30, 2018,** in which to show good cause why his petition under § 2241 should not be dismissed for the reasons set forth in this Order to Show Cause.

**IT IS FURTHER ORDERED** that Petitioner's motion to expedite resolution of his petition (Doc. 3) is **denied.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 14th day of November, 2018.**

                                         **S/ John W. Lungstrum**
                                         **JOHN W. LUNGSTRUM**
                                         **U. S. DISTRICT JUDGE**